DAVID P. MASTAGNI (SBN 57721)
GRANT A. WINTER (SBN 266329)
**MASTAGNI HOLSTEDT**
*A Professional Corporation*
1912 "I" Street
Sacramento, California 95811
Telephone: (916) 446-4692
Facsimile: (916) 447-4614
Attorneys for Plaintiffs PATRICK WITHROW
and KATHLEEN WITHROW

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK WITHROW, an individual; and, KATHLEEN WITHROW, an individual; Plaintiffs, <br><br> v. <br><br> JIFFY LUBE INTERNATIONAL, INC., BOVE ENTERPRISES, INC.; and, DOES 1 through 100 inclusive, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR DAMAGES** <br> **(1) Negligence** <br> **(2) Intentional Infliction of Emotional Distress** <br> **(3) Negligent Supervision and Retention** <br> **(4) Trespass to Property** <br><br> *JURY TRIAL DEMANDED* |

## JURISDICTION

1.  Plaintiffs Patrick Withrow and Kathleen Withrow hereby assert claims against defendants Jiffy Lube International, Inc., and Bove Enterprises, Inc., and Does 1 through 100 (hereinafter collectively "Defendants"). This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 1332 because each defendant is a citizen of different states than the plaintiffs, and the amount in controversy exceeds $75,000.

## PARTIES

2.  Plaintiff Patrick Withrow is an individual and at all times mentioned herein was a citizen of California.

COMPLAINT FOR DAMAGES

3. Plaintiff Kathleen Withrow is an individual and at all times mentioned herein was a citizen of California.

4. Defendant Jiffy Lube International, Inc. is, and at all times mentioned herein was, a Delaware corporation with its principal place of business in Houston, Texas, and which conducts business in the State of California.

5. Defendant Bove Enterprises, Inc. is, and at all times mentioned herein was, an Arizona corporation with its principal place of business in Arizona, and which intentionally undertook action to introduce items, goods, products, and/or commercial supply tools and utilities and the negligent, defective and dangerous fruits of service labor into the State of California, including specifically at the time of the incident which is complained of herein.

6. At all times relevant hereto, Defendant Jiffy Lube International, Inc., wielded detailed control over Defendant Bove Enterprises, Inc.'s general operations, including the manner and means by which Defendant Bove Enterprises, Inc.'s general operations were carried out. Defendant Jiffy Lube International, Inc. retained or assumed a general right of control over Bove Enterprises, Inc.'s training, hiring, direction, supervision, discipline, discharge, and/or day-to-day aspects of the workplace behavior of the franchisee's employees. At all times relevant hereto, Jiffy Lube International, Inc. set specific standards concerning the number of employees that Bove Enterprises, Inc. was required to have working during operating hours. Jiffy Lube International, Inc. set specific standards concerning the certifications of certain technicians and staff that were working during operating hours. Jiffy Lube International, Inc. required Bove Enterprises, Inc.'s employees to undergo training provided by and directly controlled by Jiffy Lube International, Inc., including but not limited to a program called Jiffy Lube University, which was Jiffy Lube International, Inc.'s proprietary training and development program. Jiffy Lube International, Inc. intervened in the process of hiring employees, including but not limited by requiring employees to complete Jiffy Lube International, Inc. training programs and not allowing the employees to work at Jiffy Lube branded locations without completion of the training. Jiffy Lube International, Inc. required Bove Enterprises, Inc.'s management to engage in management and franchise training,

including but not limited to a franchise "boot camp," to learn the requirements for general operations and marketing as approved by Jiffy Lube International, Inc. Jiffy Lube International, Inc. required Bove Enterprises, Inc.'s managers to periodically attend operations and marketing training. Jiffy Lube International, Inc. set specific standards requiring certain services and products to be sold by Bove Enterprises, Inc.'s. Jiffy Lube International, Inc. required Bove Enterprises, Inc. to use a Point of Sale system which was proprietary to Jiffy Lube International, Inc., for the purpose of tracking and reporting business information, operational processes, and ensuring standard were met. Jiffy Lube International, Inc. required Bove Enterprises, Inc. to maintain certain trademarked marketing materials and business designs, including but not limited to signage, interior design, and exterior business design. Jiffy Lube International, Inc. required Bove Enterprises, Inc. to advertise and issue coupons containing materials that were registered trademarks of Jiffy Lube International, Inc. Jiffy Lube International, Inc. required Bove Enterprises, Inc. to spend a specific percentage of its revenue on local advertising and Jiffy Lube International, Inc. controlled that advertising. Jiffy Lube International, Inc. required Bove Enterprises, Inc.'s employees to wear specifically branded clothing, uniforms, and work accessories. Jiffy Lube International, Inc. required Bove Enterprises, Inc.'s management and employees to act in a certain manner and uphold character values including but not limited to "Honesty, Integrity, and Respect for People." Jiffy Lube International, Inc. holds itself out as a single integrated business, with all franchisees operating in conjunction to provide uniform services, and specifically states on its website that "Jiffy Lube also developed a nationwide database, giving you the freedom to visit any Jiffy Lube location with the peace of mind that your service records will travel with you."

7.  Plaintiffs are ignorant of the true names and capacities of the defendants sued herein under the fictitious names Doe 1 through Doe 100. Plaintiffs are informed and believe and therefore allege that the defendants named herein as DOE 1 through DOE 100, are responsible in some manner for the events and happenings complained of herein, and proximately caused Plaintiffs' damages and injuries. Plaintiffs intend to amend this complaint to include the true names and capacities of defendants sued herein as DOE 1 through DOE 100, when more information is

ascertained.

8. Whenever in this complaint any reference is made to "Defendant" or "Defendants," such reference shall be deemed to refer to all defendants, whether specifically named or whether identified as a "Doe."

9. Plaintiffs are informed and believes that at all times relevant herein, Defendants were the agents, representatives, servants and/or employees of every other Defendant, who was a principal, master, and/or employer of each other Defendant, and every Defendant was acting within the course and scope of said agency, authority, and/or employment.

10. Whenever in this complaint reference is made to any act or omission of any Defendant and/or their agent(s), representative(s), servant(s) and/or employee(s), whether specifically named or designated as a Doe, such allegations shall be deemed to mean the act or omission of each Defendant, acting individually, jointly, in concert, and severally, and in furtherance of joint activity while actively engaged in the management, direction, control and/or employ of the affairs of Defendants, and that each Defendant did or authorize or ratify such acts or omissions while actively engaging in the management, direction, control and/or employ of the affairs of said Defendants, and each of them, and were acting within the course and scope of their employment, authority and agency.

## FACTS APPLICABLE TO ALL CAUSES OF ACTION

11. Defendants own, operate, manage, oversee, and control automobile service businesses branded as "Jiffy Lube" stores, including certain stores in Mesa, Arizona. These stores include a store located at 407 E. University Dr., Mesa, Arizona, which is numbered Jiffy Lube Number 2273.

12. On or about March 16, 2017, Plaintiffs were the registered owners of a 2016 Ford F-250 truck (hereinafter the "vehicle"). The vehicle was registered in California, and was tagged with California license plates on the front and back.

13. On or about March 16, 2017, Plaintiffs traveled from their residence in San Joaquin County, California to Mesa, Arizona. At that time, Plaintiff Patrick Withrow drove the vehicle to Mesa, Arizona from California. Plaintiffs were in Mesa, Arizona for a short vacation to watch certain

COMPLAINT FOR DAMAGES

Major League Baseball spring training games. Shortly after arriving in Mesa, Arizona, Plaintiff Patrick Withrow took the vehicle to Jiffy Lube store number 2273 to get an oil change. Plaintiff was identified to the Jiffy Lube as a resident of California and the vehicle was identified as a California vehicle. No other customers were present at Jiffy Lube store number 2273 when Plaintiffs' vehicle arrived at the store for an oil change. The interior and exterior of Plaintiffs' vehicle contained various items in plain sight which identified Plaintiff Patrick Withrow as being associated with police and/or law enforcement in California, and which identified him as a candidate for public office in California. Plaintiff Patrick Withrow was also wearing a shirt at the time which stated the name of a law enforcement agency in San Joaquin County, California. Plaintiff Patrick Withrow provided certain information to the workers at the Jiffy Lube store, including but not limited to the vehicle's California license plate number, and Mr. Withrow's phone number with a California area code.

14. Plaintiff Patrick Withrow asked for an oil change to be performed on the vehicle. Defendants then undertook to perform an engine oil change, however, in the course of performing the oil change, Defendants negligently, intentionally, wantonly, recklessly and/or maliciously contaminated, polluted, and/or tainted, the new engine oil, and the vehicle, with foreign non-oil materials, items, products, substances, including a latex glove that was put by Defendants into the internal components of the vehicle with the oil, including but not limited to the oil filter or oil filtration system of the vehicle. Defendants then represented to Plaintiff Patrick Withrow that the oil change was complete and that the vehicle was in good working condition. Plaintiffs then paid for the services performed by Defendants, including the oil change, and drove away in the vehicle believing that it was in safe and good condition.

15. Shortly after the vehicle was driven away from the Jiffy Lube, Plaintiff Patrick Withrow was driving on a busy, divided three lane street with traffic proceeding around him at high rates of speed when the vehicle's "check engine" light came on and the vehicle began to make loud and extremely alarming noises. The sound was so alarming, startling, and shocking that Plaintiff was forced to pull to the side of the highway to examine the issue and in doing so put himself and other

persons on the highway in severe danger of being involved in an automobile collision. The oil pressure gauge showed no pressure. Mr. Withrow visually confirmed that oil was present, and that the oil plug was secure. Unsure what was wrong, but fearing that the truck might crash and cause severe injury at any moment, Plaintiff Patrick Withrow reluctantly returned to Jiffy Lube.

16. Subsequent examination found that a latex glove had been forced into the engine, blocking oil flow and destroying the engine.

17. Attempts to repair the vehicle took longer than several days and Plaintiffs were forced to rent a car and were stranded in Arizona. Plaintiffs were were also forced to extend their trip for two extra days, while they waited for the vehicle to be repaired. After two extra days had passed, attempts at repairing the vehicle were still not complete, and Plaintiffs were forced to take the rental vehicle back to their home in California. Then, weeks later, Plaintiffs were forced to make an inconvenient, unwanted trip to Arizona to pick up the vehicle and return the rental.

18. The damage to the vehicle was permanent and despite efforts to repair it in Arizona, the damage persisted and worsened, even after the vehicle was returned to California. While in California, new and different mechanical and electronic damage was caused as a result of the conduct of defendants.

19. Defendants undertook these acts knowing that the vehicle was registered in the State of California, was owned by a resident of the State of California, and would be returned in a short period of time to the State of California and the roadways of the State of California with the latex glove and oil that had been introduced into the vehicle by Defendants. Defendants were aware that Plaintiffs were simply visiting Arizona, that they would be returning to California, and that they would be stranded, or would have to incur other expenses, without the use of their vehicle to return to California. When the vehicle was returned to California it was returned in a damaged condition, and a condition of disrepair as a result of the oil change and negligent, dangerous and harmful conduct of Defendants, including the tampered oil and materials that Defendants put into the vehicle, and when the vehicle was back driving on the roads of California its mechanical and electronic condition continued to become worse and worse and more damaged, warranting further

COMPLAINT FOR DAMAGES

repairs.

20. As a direct and substantial result of the said negligence, carelessness, and intentional acts of the Defendants, and each of them, the personal property of Plaintiffs was damaged, thereby substantially causing Plaintiffs to incur repair costs, replacement costs, and other property damage. The exact amount of such loss, damage, and expense is unknown to Plaintiffs at this time, and Plaintiffs will ask leave to amend this pleading to set forth the exact amount thereof when the same is ascertained.

21. As a substantial result of the wrongful conduct and/or omissions of each and every Defendant named herein, and their employees and/or agents, and of each of them, Plaintiffs were hurt and injured in their health, strength and activity, sustaining shock and injury to their nervous systems and persons, all of which said injuries have caused and continue to cause great mental, physical, and nervous pain and suffering.

## FIRST CLAIM FOR RELIEF
(Negligence against All Defendants, Including Does 1-100)

22. The allegations of the foregoing paragraphs are re-alleged and incorporated herein by reference.

23. Defendants Jiffy Lube International, Inc., Bove Enterprises Inc., and Does 1-100, and each of them, owed a duty to its customers, and to Plaintiffs in particular, to avoid causing unreasonable harm, including but not limited to a duty to provide services and return automobiles to their users in good condition suitable for driving on the public highways without causing risk of injury or automobile crashes. Defendants Jiffy Lube International, Inc., Bove Enterprises Inc., and Does 1-100, and each of them, owed a duty to Plaintiffs to control the acts of its agents, servants, and/or employees.

24. Defendants Jiffy Lube International, Inc., Bove Enterprises Inc., and Does 1-100, and each of them, breached their duties of care to Plaintiffs through their negligent conduct as set forth above and herein. Defendants Jiffy Lube International, Inc., Bove Enterprises Inc., and Does 1-100, and each of them, are held to the standard of care of that of a reasonably prudent person, and/or

automotive technician. No reasonably prudent person and/or automotive technician would place a latex glove in the engine of a vehicle that was being serviced. By failing to meet the standard of care, Defendants Jiffy Lube International, Inc., Bove Enterprises Inc., and Does 1-100, and each of them, breached their duty owed to Plaintiffs.

25. Defendants Jiffy Lube International, Inc., Bove Enterprises Inc., and Does 1-100, and each of them, directly and proximately caused the harm Plaintiffs endured. But-for the conduct of Defendants, including but not limited to the latex glove that was placed in the engine of Plaintiff's vehicle, the engine would not have been damaged and the resulting damages would not have occurred. Further, it was reasonably foreseeable to Defendants Jiffy Lube International, Inc., Bove Enterprises Inc., and Does 1-100, and each of them, that such conduct would cause such harm to Plaintiffs.

26. Plaintiffs suffered harm as a result of the negligent actions or omissions of Defendants Jiffy Lube International, Inc., Bove Enterprises Inc., and Does 1-100, and each of them.

27. As a direct and proximate result of Defendants Jiffy Lube International, Inc., Bove Enterprises Inc., and Does 1-100, and each of them, Plaintiffs suffered severe damage to their property and were shocked and startled and put in danger, which has caused and continues to cause Plaintiffs great mental, emotional, psychological, physical, and nervous pain and suffering. Plaintiffs suffered great anxiety, embarrassment, anger, loss of enjoyment of life, injury to reputation, and severe emotional and physical distress in an amount to be determined at trial. Plaintiffs are entitled to recover all damages resulting from the actions of Defendants Jiffy Lube International, Inc., Bove Enterprises Inc., and Does 1-100, and each of them, including compensatory damages, general damages, personal injury damages, past and future medical expenses, attorney's fees, costs, and any other damages the Court deems appropriate.

28. As a direct and substantial result of the said negligence and carelessness of the Defendants, and each of them, the personal property of Plaintiffs was damaged, thereby substantially causing Plaintiffs to incur repair costs, replacement costs, and other property damage. The exact amount of such loss, damage, and expense is unknown to Plaintiffs at this time, and Plaintiffs will ask leave

to amend this pleading to set forth the exact amount thereof when the same is ascertained.

29. Plaintiffs request relief as hereinafter provided.

## SECOND CLAIM FOR RELIEF
**(Intentional Infliction of Emotional Distress against All Defendants, Including Does 1 -100)**

30. The allegations of the foregoing paragraphs are re-alleged and incorporated herein by reference.

31. Defendants Jiffy Lube International, Inc., Bove Enterprises Inc., and Does 1-100, and each of them, engaged in extreme and outrageous conduct. Such extreme and outrageous conduct included, but was not limited to, the act of intentionally placing a latex glove in the engine of Plaintiffs' vehicle, which resulted in significant damage, including, but not limited to, a blown and damaged engine.

32. Defendants Jiffy Lube International, Inc., Bove Enterprises Inc., and Does 1-100, and each of them, intentionally caused severe emotional distress to Plaintiffs by – without exclusion of other conduct – the extreme and outrageous act of placing a latex glove in the engine of Plaintiffs' vehicle.

33. Plaintiffs suffered severe emotional distress of such substantial quantity and enduring quality that an individual in a civilized society should not be expected to endure it.

34. Defendants Jiffy Lube International, Inc., Bove Enterprises Inc., and Does 1-100, and each of them, directly and proximately caused Plaintiffs' severe emotional distress.

35. As a direct and proximate result of Defendants Jiffy Lube International, Inc., Bove Enterprises Inc., and Does 1-100, and each of them, Plaintiffs suffered severe damage to their property and were shocked and startled and put in danger, which has caused and continues to cause Plaintiffs great mental, emotional, psychological, physical, and nervous pain and suffering. Plaintiffs suffered great anxiety, embarrassment, anger, loss of enjoyment of life, injury to reputation, and severe emotional and physical distress in an amount to be determined at trial. Plaintiffs are entitled to recover all damages resulting from the actions of Defendants Jiffy Lube International, Inc., Bove Enterprises Inc., and Does 1-100, and each of them, including

compensatory damages, general damages, personal injury damages, past and future medical expenses, attorney's fees, costs, and any other damages the Court deems appropriate.

36. As a direct and substantial result of the said negligence and carelessness of the Defendants, and each of them, the personal property of Plaintiffs was damaged, thereby substantially causing Plaintiffs to incur repair costs, replacement costs, and other property damage. The exact amount of such loss, damage, and expense is unknown to Plaintiffs at this time, and Plaintiffs will ask leave to amend this pleading to set forth the exact amount thereof when the same is ascertained.

37. Defendants committed the acts herein described despicably, maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiffs, for an improper and evil motive amounting to malice, and in conscious disregard of Plaintiffs' rights. Further, Defendants knew that this conduct was illegal and acted with the specific intent to cause injury and damage to Plaintiffs, and Plaintiffs are entitled to recover exemplary and punitive damages from DEFENDANTS in an amount according to proof.

38. Plaintiff requests relief as hereinafter provided.

### THIRD CLAIM FOR RELEIF
(Negligent Supervision, and Retention – All Defendants, Including Does 1 -100)

39. The allegations of all paragraphs alleged above are hereby re-alleged and incorporated by reference.

40. Plaintiffs are informed, and therefore believes, that Defendants had actual knowledge of their employees' propensity for property damage and automobile sabotage. This knowledge would have made a reasonable person anticipate the danger Plaintiffs were subjected to; however, Defendants failed to act reasonably in light of their knowledge of the employees' propensities, which constituted a breach of duties they owed to Plaintiffs.

41. Defendants breached their duty of care to Plaintiffs by negligently failing to supervise their employees and/or by retaining their employees as an employee of Defendant's business despite their knowledge.

42. Plaintiffs suffered harm as a result of Defendants' employees' actions.

43. As a direct and proximate result of Defendants Jiffy Lube International, Inc., Bove Enterprises Inc., and Does 1-100, and each of them, Plaintiffs suffered severe damage to their property and were shocked and startled and put in danger, which has caused and continues to cause Plaintiffs great mental, emotional, psychological, physical, and nervous pain and suffering. Plaintiffs suffered great anxiety, embarrassment, anger, loss of enjoyment of life, injury to reputation, and severe emotional and physical distress in an amount to be determined at trial. Plaintiffs are entitled to recover all damages resulting from the actions of Defendants Jiffy Lube International, Inc., Bove Enterprises Inc., and Does 1-100, and each of them, including compensatory damages, general damages, personal injury damages, past and future medical expenses, attorney's fees, costs, and any other damages the Court deems appropriate.

44. As a direct and substantial result of the said negligence and carelessness of the Defendants, and each of them, the personal property of Plaintiffs was damaged, thereby substantially causing Plaintiff to incur repair costs, replacement costs, and other property damage. The exact amount of such loss, damage, and expense is unknown to Plaintiffs at this time, and Plaintiffs will ask leave to amend this pleading to set forth the exact amount thereof when the same is ascertained.

45. Plaintiff requests relief as hereinafter provided.

## FOURTH CLAIM FOR RELEIF
**(Trespass to Personal Property – All Defendants, Including Does 1 -100)**

46. The allegations of all paragraphs alleged above are hereby re-alleged and incorporated by reference.

47. The vehicle referred to herein belonged to and was property of Plaintiffs, and Plaintiffs had a right to immediate repossession of the vehicle after the conclusion of the oil change and payment for the services provided by Defendants. Plaintiffs' in fact paid for those services and retook possession of the vehicle immediately after the conclusion of the oil change.

48. Defendants caused actual harm to the vehicle through their conduct as described herein.

49. Defendants' conduct, described herein, which harmed the vehicle, was undertaken with the intent to undertake that conduct.

50. Plaintiffs did not consent to the conduct that caused the damage to the vehicle, specifically

the addition of the additional, non-oil materials to the vehicle, including a latex glove.

51. Defendants' conduct caused the damage to the vehicle.

52. As a result of Defendants' conduct, which damaged the vehicle, Plaintiffs were deprived of use of the vehicle, and the value of the vehicle was diminished.

53. As a result of Defendants trespass to the vehicle, Plaintiffs suffered actual damages in the amount of their loss of use of the vehicle, cost of rental vehicles, diminished value of the vehicle, and costs of a replacement vehicle. Plaintiffs also suffered emotional distress as described herein.

54. Defendants committed the acts herein described despicably, maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiffs, for an improper and evil motive amounting to malice, and in conscious disregard of Plaintiffs' rights. Further, Defendants knew that this conduct was illegal and acted with the specific intent to cause injury and damage to Plaintiffs, and Plaintiffs are entitled to recover exemplary and punitive damages from Defendants in an amount according to proof.

## PRAYER FOR RELIEF:

WHEREFORE, Plaintiff prays for judgment as follows:

1. For special and economic damages according to proof;

2. For general damages and non-economic damages according to proof;

3. For punitive damages in an appropriate amount according to proof;

4. For prejudgment interest at the prevailing legal rate;

5. For reasonable attorneys' fees, costs, and expert witness fees;

6. For equitable relief according to proof; and,

7. For such other and further relief as the court deems just and proper.

DATED: March 15, 2019                    **MASTAGNI HOLSTEDT, APC**

By /s/ Grant A. Winter
Grant A. Winter
Attorney for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demands a trial by jury.

DATED: March 15, 2019              **MASTAGNI HOLSTEDT, APC**    By

                          /s/ Grant A. Winter